UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENJAMIN CEDDRIC FRANKLIN,

    Petitioner,

v.                                                              Case No. 8:08-cv-1347-T-30TGW

STATE OF FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner, BENJAMIN FRANKLIN ("Petitioner" or "Franklin"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). Petitioner is challenging his state convictions arising out of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida in case no. 0107603CF on December 4, 2001. The Court has considered the petition, Respondent's response (Dkt. #6) and Petitioner's reply (Dkt. #8). Upon review, the Court determines that the petition must be dismissed because it is time barred.

## BACKGROUND

On May 10, 2001, Petitioner was arrested for possession of cocaine and sale of cocaine within 1000 feet of a school. On June 14, 2001, Petitioner was charged by information with possession of cocaine and delivery of cocaine. On November 14, 2001 and

November 29, 2001, the Petitioner filed notices of expiration of speedy trial time, and thereafter filed a motion to dismiss. The Petitioner was tried and found guilty as charged by a jury for possession of cocaine and delivery of cocaine. On January 7, 2002, Petitioner was sentenced to 60 months incarceration to be followed by 60 months drug offender probation.

Petitioner filed a direct appeal on January 15, 2002. He failed to file an initial brief, and after being warned several times, the appeal was dismissed on June 28, 2004. Petitioner thereafter filed a notice of appeal in the Florida Supreme Court, which was treated as a writ of mandamus and denied on December 1, 2004.

Petitioner was released from the Florida Department of Corrections on March 18, 2006. Subsequently, Petitioner violated the terms of his 60-months probation. On February 18, 2008, Petitioner's probation was revoked and he was sentenced to 31 months imprisonment.

On or about March 27, 2008, Petitioner filed a petition for writ of habeas corpus in the trial court which was treated as a Fla. R. Crim. P. 3.850 motion for post-conviction relief. On April 7, 2008, the Petitioner filed a petition for writ of habeas corpus in the state appellate court, which was denied. Rehearing was also denied on June 18, 2008.

Subsequently, on July 14, 2008, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising four grounds for relief.

**Ground One:** Petitioner alleges that he has received an illegal habitual felony offender sentence.

**Ground Two:** Petitioner alleges that his sentence is illegal because it is a true split sentence.

**Ground Three:** Petitioner alleges that his sentence is illegal because he received a tainted jury trial since his speedy trial rights were violated and additional charges were added to his sentencing scoresheet.

**Ground Four:** Petitioner alleges that his Sixth Amendment rights were violated from the jury trial on December 4, 2001, because he did not receive a speedy trial.

**TIMELINESS**

Since Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Perry v. Johnson, 532 U.S. 782, 792, 121 S. Court. 1910, 150 L. Ed. 2d 9 (2001). 28 U.S.C. § 2254, in relevant part:

(1) A 1-year period of limitation shall apply to an application for a [*8] writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)**.** This section does not start a prisoner's one-year limitation period running until "the date on which the judgment became final by conclusion of direct review."

The instant petition is untimely pursuant to the one-year period of U.S.C. § 2244(d)(1) because more than one year has passed since Petitioner's original judgment became final. In the petition, Petitioner challenges only the original judgment and sentence imposed on January 7, 2002, not the February 18, 2008 judgment revoking his probation. Petitioner's conviction became final ninety days after his direct appeal was dismissed on June 24, 2004. The one-year limitation period began to run at that time. The instant petition was not filed until July 14, 2008, well after the one-year period.

Respondent relies on Wright v. State of Florida, 2008 U.S. Dist. LEXIS 37102 (USDC Middle District of Florida May 6, 2008), citing to Rainey v. Sec'y for the Dep't of Corr., 443 F.3d 1323 (11th Cir. 2006) for the proposition that "when a petitioner who has been resentenced brings an application challenging only his original judgment of conviction, the one-year statute of limitations under the AEDPA runs from the date the original judgment of conviction became final and not the date the resentencing judgment became final." Id. at 1326. Although Rainey was overruled in Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1292-93 (11th Cir. 2007), Ferreira does not control the instant case, because it involved a corrected sentence, not a probation revocation. The judgment under which Petitioner is now in custody is the judgment revoking his probation. Therefore, this Court concludes that, for claims addressing only the original conviction after a revocation of probation, the one year

statute began to run when direct review of the original sentence ended, not from the date of the revocation of probation conviction.

Petitioner argues that the limitation period tolls while "a properly filed for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2254(d)(2). But the claims raised in the instant petition relate to the original conviction and sentence, not to Petitioner's violation of probation conviction. The revocation of his probation, and the post-conviction motions directed thereto, do not toll or extend the one year limitation of claims concerning the original conviction. The Petitioner allowed the one-year limitation period to lapse as to claims concerning his original sentence and therefore this petition must be dismissed.

Even if the instant Petition were not time-barred, the Petition would fail because the stated grounds for relief are without merit. The Court will discuss the issues raised by the Petitioner only to explain why they would not merit relief.

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a federal court reviews a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden on the petitioner.

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Prince v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Williams v. Taylor, 529 U.S. 362 (2000). Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Also, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Henderson v. Haley, 353 F.3d 880, 890-91 (11th Cir. Ala. 2003).

## DISCUSSION

Petitioner has asserted four grounds for relief. Each of the Petitioner's grounds will be discussed in turn.

## GROUND ONE - ILLEGAL HABITUAL FELONY OFFENDER

Petitioner alleges that his habitual felony offender sentence was illegal because charges were added to his prior record during the sentencing proceedings. The record indicates that Petitioner failed to assert this as a federal constitutional claim to the state court. Petitioner is therefore procedurally barred from asserting this claim because he has failed to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of

federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); Smith v. Jones, 256 F.3d 1135, 1138 (11 Cir. 2001).

Additionally, Petitioner is challenging the state court's sentencing procedure, which is an issue that is not cognizable in a federal habeas corpus proceeding. A federal habeas petition grounded on issues of state law does not provide a basis for habeas relief. See Krasnow v. Navarro, 909 F.2d 451, 451 (11th Cir. 1990); Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988).

A federal habeas petition must assert that a petitioner is imprisoned in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no federal constitutional question is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5 Cir. Fla. 1981). "State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases." Borders v. Singletary, 1996 U.S. Dist. LEXIS 10671 (M.D. Fla. Apr. 11, 1996) citing Mendiola v. Estelle, 635 F.2d 487, 489 (5 Cir. Tex. 1981).

Petitioner was adjudicated a Habitual Felony Offender in his January 7, 2002 sentencing, in accordance with Florida law. During the sentencing phase, charges were added from his September 10, 1998 and October 10, 1998 offenses. Due to his "habitual felony offender" status, the Petitioner was sentenced to an extended term of 60 months

imprisonment followed by 60 months probation, in accordance with Fla. Stat. § 775.084(4)(A). Petitioner does not contend that his prior record was inaccurate.

The sentence was not a violation of the Petitioner's federal constitutional rights and the Petitioner has failed to demonstrate that the court's rejection of this claim resulted in an unreasonable application of federal law, as established by Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence in this case. Therefore, Ground One does not warrant habeas corpus relief.

**GROUND TWO - ILLEGAL SPLIT SENTENCE**

Petitioner alleges that his sentence is illegal because it is a true split sentence. Florida law has establish that it is left to the court's discretion as to whether or not to impose a split sentence. Fla. Stat. § 948.01(6). A true split sentence "is a prison term of a number of years with part of that prison term suspended, contingent upon completion on probation of the suspended term of years." Doss v. Crosby, 357 F. Supp. 2d 1334, 1335 (N.D. Fla. 2005); Gibson v. Fla. Dep't of Corr., 885 So. 2d 376, 381 (Fla. 2004).

In this case, Petitioner was sentenced to 60 months followed by 60 months Drug Offender Probation. This is more analogous to a "probationary split sentence," which consists of a period of confinement, none of which is suspended, followed by a period of probation. Gibson, 885 So. 2d at 381 citing Poore v. State, 531 So. 2d 161, 164 (Fla. 1988).

Petitioner is challenging the state court's sentencing procedure, which is an issue that is not cognizable in federal habeas proceedings. The Eleventh Circuit has stated that "mere errors of state law are not the concern of [a federal] court unless they rise for some other

reason to the level of a denial of rights protected by the United States Constitution." <u>Harmon v. Barton</u>, 894 F.2d 1268, 1276 (11th Cir. 1990) quoting <u>Dugger v. Adams</u>, 489 U.S. 401, 410, 109 S. Court. 1211, 103 L. Ed. 2d 435 (1989)).

Petitioner has failed to demonstrate that the court's rejection of this claim resulted in an unreasonable application of federal law, as established by Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence in this case. Therefore, Ground Two does not warrant habeas corpus relief.

**GROUND THREE - JURY TAINTED**

Petitioner contends that his sentence is illegal and his jury trial was tainted because he did not receive a speedy trial pursuant to Fla. R. Crim. P. 3.191. The Petitioner served two separate notices of expiration of time for speedy trial. Petitioner also contends that he was denied due process and equal protection when additional prior charges from September 10, 1998, and October 10, 1998, were added to his sentencing scoresheet during the sentencing phase. These claims do not warrant federal habeas corpus relief.

Petitioner's argument rests on whether the state violated his right to a speedy trial under Fla. R. Crim. P. 3.191. It is for the state courts to determine whether a state violates its own rules of criminal procedure. "Violation by state officials of a state's speedy trial law, taken alone, does not present a federal claim reviewable on habeas petition." <u>Poe v. Caspari</u>, 39 F.3d 204 (8th Cir. 1994).

Furthermore, the Petitioner has failed to establish that he did not receive a speedy trial under the United States Constitution. To determine whether a defendant has been deprived

of his Sixth Amendment right to a speedy trial, the court must consider a number of factors: first, whether the delay before trial was uncommonly long; second, whether the government or the defendant is more to blame for the delay; third, whether in due course, the defendant asserted his right to a speedy trial; and fourth, whether the defendant suffered prejudice as a result of the delay. U.S. v. Harris, 376 F.3d, 1282, 1290 (11th Cir. Ala. 2004); see Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191-92, 33 L.Ed.2d 101 (1972).

The Petitioner has failed to make a showing of prejudice as his trial began less than seven months after his arrest and Petitioner does not assert that his defense was prejudiced by the delay. The Supreme Court has stated that a defendant typically cannot establish a Sixth Amendment speedy trial claim, however long the delay, if the government pursued the prosecution with "reasonable diligence," and the defendant fails to show that the delay resulted in "specific prejudice to his defense." Doggett v. U.S, 505 U.S. 647, 651, 112 S. Court 2686, 2690, 120 L. Ed. 2d. 520 (1992).

The Petitioner has failed to show that the court's rejection of this claim resulted in an unreasonable application of federal law, as established by Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence in this case. Therefore, Ground Three does not warrant habeas corpus relief.

**GROUND FOUR - VIOLATION OF SPEEDY TRIAL RIGHTS**

Petitioner asserts that he was denied a speedy trial because his December 4, 2001 jury trial was held more than ten days after he filed two notices of expiration pursuant to state procedural rules. Petitioner's argument rests on whether the state violated his right to a

speedy trial under state procedural rules. Again, it is for the state courts to determine whether a state violates its own rules of criminal procedure. This is not a matter for federal habeas corpus review.

Petitioner has failed to cite to any decision of the United States Supreme Court that reached a decision contrary to the state court's decision in this case. Accordingly, the Court finds that Petitioner has failed to show that he is entitled to federal relief on this claim.

## **CONCLUSION**

The Petition will be dismissed because it is time barred. If it were not time barred, it would have been denied on the merits for the reasons set forth above.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED WITH PREJUDICE.

2. The Clerk is directed to terminate this case, any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 31, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies Furnished To:
Counsel/Parties of Record

F:\Docs\2008\08-cv-1347.deny 2254.wpd